NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEI MU, | No. 20-71934 |
| Petitioner, | Agency No. A200-801-171 |
| v. | |
| MERRICK GARLAND, | MEMORANDUM* |
| Attorney General, Respondent. | |

On Petition for Review of an Order
of the Board of Immigration Appeals

Submitted August 4, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Wei Mu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's denial of

her application for asylum. We have jurisdiction under 8 U.S.C. § 1252, and,

reviewing the BIA's "legal conclusions de novo and its factual findings for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (citation omitted), we deny the petition.

Substantial evidence supports the agency's determination that Mu was not credible and thus ineligible for relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Mu repeatedly testified that she was alone in her home when five policemen arrested her for hosting an illegal religious gathering in 2010. Her asylum application, however, stated that she was with her family during the arrest. "[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). And contrary to Mu's contention, this was not an "utterly trivial inconsistency," like a spelling or typographical error. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010).

In addition, Mu testified that she was employed at the Water Bureau from 1983 to 2010, despite her visa application stating that she stopped working there in 1999. When asked about this, Mu provided inconsistent testimony. She first told the court that she left the department in 1999 but came back, and that she did not know why her application was false. Yet at a subsequent hearing, she admitted that that explanation had been a lie, and that a middle agent had instructed her to fabricate her employment dates to better her chances of obtaining a visa. Mu may have had reason to fabricate her employment dates when trying to obtain the visa,

2

but not to lie in court after she had been away from danger for more than six years. *See Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011). Given the contradictions in Mu's accounts, and the insufficiency of her purportedly corroborative evidence, the record supports the agency's denial of asylum.

**PETITION DENIED.**